UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PATRICK WAYNE BUCKLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00108-JPH-MJD |
| | ) |
| CENTURION HEALTH, | ) |
| PABLO PEREZ, | ) |
| DUSHAN ZATECKY, | ) |
| N BRIDGEWATER, | ) |
| A. JONES, | ) |
| ERIN SPRINKELS, | ) |
| ALISHA EDERS, | ) |
| JAMIE SEARS, | ) |
| MIRANDA WEBSTER, | ) |
| ALL CENTURION HEALTHCARE | ) |
| NURSES, | ) |
| | ) |
| Defendants. | ) |

**ORDER RESOLVING PENDING MOTIONS RELATED TO THE COMPLAINT AND FILING FEE, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Patrick Buckley is a prisoner currently incarcerated at Putnamville Correctional Facility ("Putnamville"). He filed this civil action alleging various Putnamville officials and Putnamville's corporate medical provider failed to adequately treat his scoliosis. This matter comes before the Court on several pending motions and the screening of Mr. Buckley's complaint.

**I. Motion for Extension of Time to Pay the Initial Partial Filing Fee**

Mr. Buckley's motion for extension of time to pay the initial partial filing fee, dkt. [16], is **granted**. Mr. Buckley shall have through **June 3, 2023** to pay the initial partial filing fee of fourteen dollars and seventy-nine cents ($14.79).

1

## II. Motions to Amend

Mr. Buckley has filed two motions to amend his complaint. Dkts. 10, 15. In both of these motions, Mr. Buckley is seeking to supplement his original complaint by adding exhibits and additional factual content.

Mr. Buckley's motions to amend, dkt. [10] and [15], are **denied**. All of Mr. Buckley's claims and the factual content supporting those claims must be contained in a single complaint. If Mr. Buckley wishes to file an amended complaint and include all of his claims in an amended complaint, he is permitted to do so. He cannot supplement his original complaint over several filings.

If Mr. Buckley submits an amended complaint, he is warned that the amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action. In organizing his complaint, Mr. Buckley may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

## III. Screening Standard

Because Mr. Buckley is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c). When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a

defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### IV. The Complaint

Mr. Buckley has sued ten defendants: (1) Centurion Health, (2) Pablo Perez; (3) Dushan Zatecky; (4) Health Services Administrator N. Bridgewater; (5) Nurse Practitioner A. Jones; (6) Erin Sprinkels, (7) Alisha Eders, (8) Jamie Sears, (9) Miranda Webster, and (10) All Centurion Healthcare Nurses. Mr. Buckley seeks money damages and injunctive relief.

Mr. Buckley suffers from scoliosis, a condition that affects the curvature of his spine. In May 2021, Mr. Buckley arrived at Putnamville. He sought treatment from Centurion medical staff, but they told him they would not treat his back injury. They further denied him a lower bunk pass. Mr. Buckley subsequently filed many healthcare requests, but those went unanswered.

In August 2021, Ms. Sprinkels scheduled Mr. Buckley to see Dr. Perez for his scoliosis. Dr. Perez concluded Mr. Buckley's scoliosis was mild and prescribed Cymbalta for Mr. Buckley's pain; he did not refer him to a specialist.

Dr. Perez saw Mr. Buckley again in October 2021. Mr. Buckley complained of severe pain and reported that Cymbalta was not working to alleviate his pain. Dr. Perez ordered an x-ray and continued Cymbalta despite Mr. Buckley's complaints that it was ineffective.

Mr. Buckley received x-rays and an MRI in December 2021. However, he was not seen for a follow-up until February 2022. Dr. Perez referred him to a specialist, who opined that Mr. Buckley had severe scoliosis and needed surgery. Dr. Perez saw Mr. Buckley for a follow-up and told him the MRI looked fine, the specialists could not do the surgery, and that no further steps would be taken.

Mr. Buckley continued to file healthcare request forms that went unanswered. He was scheduled to see Dr. Perez in May 2022, but Dr. Perez refused to see him. Mr. Buckley saw Nurse Practitioner Jones in July 2022, and she asked Mr. Buckley how his surgery went. Mr. Buckley stated he had not received surgery. Nurse Practitioner Jones stated that Mr. Buckley's MRI was not normal, and he needed surgery. Nurse Practitioner Jones scheduled Mr. Buckley with a neurosurgeon and changed Mr. Buckley's medication to help with his pain.

The neurosurgeon ordered physical therapy and explained he wanted to see Mr. Buckley for a follow-up in sixty days. Mr. Buckley saw Nurse Practitioner Jones for a follow up. Nurse Practitioner Jones scheduled another MRI and

surgery. Those orders however were lost, and Mr. Buckley never received either treatment. Mr. Buckley inquired to Ms. Sprinkels and Ms. Eders about the status of these orders; however, they stated no such orders existed and that Mr. Buckley had "refused" his surgery. The hospital specialist requested again to see Mr. Buckley for surgery; but he was never scheduled.

Mr. Buckley was given another MRI in September 2022. He saw Dr. Perez for a follow up appointment, and Dr. Perez stated that Mr. Buckley now had "severe" scoliosis. However, to date, Mr. Buckley has not received surgery.

Mr. Buckley also contends, during this same time, there were delays in receiving his medication. Ms. Sears told him his medication had been discontinued because he needed to lose weight. She refused to help him further; she told him that Ms. Webster had put in the order wrong anyway, so it would not make a difference.

Mr. Buckley continued to file grievances related to his healthcare. Ms. Bridgewater reviewed the grievances and stated Mr. Buckley had already received surgery, which is not true.

Mr. Buckley seeks money damages. He also seeks an injunction transferring him to another facility, so that he can receive proper medical care.

### V. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

### A. Dismissed Claims and Defendants

First, Mr. Buckley's claims against "All Centurion Healthcare Nurses" are dismissed because "it is pointless to include [an] anonymous defendant in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (cleaned up). If Mr. Buckley learns the names of these nurses through discovery, he may seek leave to add them as defendants. For now, these claims are **dismissed**.

Second, Mr. Buckley's claims against Nurse Practitioner Jones and Miranda Webster are dismissed because he has not plausibly alleged that these two defendants acted with deliberate difference or approached a "total unconcern for [Mr. Buckley's] welfare in the face of serious risks." *Duane v. Lane*, 959 F.2d 673, 676 (7th Cir. 1992). With respect to Nurse Practitioner Jones, Mr. Buckley asserts that when she first saw him, he had not yet received surgery. In response, Nurse Practitioner Jones scheduled Mr. Buckley with a neurosurgeon and changed Mr. Buckley's medication to help with his pain. At a follow-up appointment, Nurse Practitioner Jones scheduled another MRI and surgery. Additionally, when Nurse Practitioner Jones first saw Mr. Buckley, she called Ms. Sprinkels and Dr. Perez into her office and asked why Mr. Buckley had not yet received surgery. Dkt. 2 at 5. These allegations do not plausibly suggest she was deliberately indifferent to Mr. Buckley's medical needs. *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 752 (7th Cir. 2021) ("[A] plaintiff can show that [a] professional disregarded [a medical] need only if the professional's

6

subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under the circumstances.") (cleaned up). With respect to Ms. Webster, Mr. Buckley only alleges that Ms. Sears told him that Ms. Webster had put in his "order wrong." There are no other allegations, and this allegation alone does not plausibly suggest that Ms. Webster was deliberately indifferent. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (explaining to show deliberate indifference "[s]omething more than negligence or even malpractice is required"). These claims are therefore **dismissed**.

Third, Mr. Buckley's claims against Centurion Health are dismissed because Centurion cannot be held liable under § 1983 for merely employing others who committed constitutional violations. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (explaining that private corporations under *Monell* cannot be vicariously liable for the constitutional torts of their employees or agents). And there are no allegations that Mr. Buckley's harm was caused by Centurion's customs, policies, or practices. *Id.* Accordingly, these claims are **dismissed**.

Finally, any claim against Warden Dushan Zatecky in his individual capacity for damages must be dismissed. Mr. Buckley's only allegation is that Warden Zatecky denied Mr. Buckley's grievance. He does not allege that Warden Zatecky failed to investigate his grievance or unreasonably deferred to medical staff. Dkt. 2 at 10. This conduct, without more, is insufficient to state a claim under the Eighth Amendment. *See Berry v. Peterman*, 604 F.3d 435, 441 (7th

7

Cir. 2010) (nonmedical prison staff are generally entitled to defer to health care professionals so long as they do not ignore inmates); *see also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (a prison warden is entitled to relegate to medical staff the provision of medical care). Accordingly, this claim is **dismissed.**

### B. Claims that Shall Proceed

The claims which shall proceed are the following. First, Mr. Buckley has stated an Eighth Amendment deliberate indifference claim against Dr. Pablo Perez, Health Services Administrator N. Bridgewater, Erin Sprinkels, Alisha Eders, and Jamie Sears for delaying or denying Mr. Buckley medical care. *Dean*, 18 F.4th at 234; *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022) ("A delay in treating non-life threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain.") (internal quotations and citations omitted). These claims shall **proceed**.

Finally, the proper defendant for Mr. Buckley's injunctive relief claim is Warden Dushan Zatecky. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting the warden is proper party to carry out injunctive relief even though plaintiff does not allege any specific involvement by warden related to his medical treatment). This claim shall **proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through June 3, 2023,** in which to identify those claims. Nothing

8

in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

The **clerk is directed** to terminate All Centurion Healthcare Nurses, Nurse Practitioner A. Jones, Miranda Webster, and Centurion Health as defendants on the docket.

### VI. Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Pablo Perez, Dushan Zatecky, Health Services Administrator N. Bridgewater, Erin Sprinkels, Alisha Eders, and Jamie Sears in the manner specified by Rule 4(d). Process shall consist of the complaint filed on March 10, 2023, dkt. [2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employee and Centurion employees electronically.

Additionally, Defendants Pablo Perez; N. Bridgewater, Erin Sprinkels, and Alisha Eders, are identified as employees of Centurion. A copy of this Order and the process documents shall also be served on Centurion electronically. Centurion is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

**SO ORDERED.**

Date: 5/2/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

9

Distribution:

Electronic service to Indiana Department of Correction:
    Dushan Zatecky
    (Putnamville Correctional Facility)

Electronic service to Centurion

Electronic service to Centurion Employees:
    Pablo Perez
    N. Bridgewater
    Erin Sprinkels
    Alisha Eders

PATRICK WAYNE BUCKLEY
971698
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only